IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWIGHT FREEMAN,                     :

      Plaintiff               :         Civil Action 2:09-cv-990

  v.                                :         Judge Holschuh

TERRY COLLINS, *et al.*,            :         Magistrate Judge Abel

      Defendants.             :

**ORDER**

This matter is before the Court for *de novo* review of the Magistrate Judge's initial screening report and recommendation (Doc. 5), in accordance with the provisions of 28 U.S.C. §636(b)(1)(B). Plaintiff Dwight Freeman is an inmate at the Ohio State Penitentiary ("OSP"). He alleged in his complaint that he suffers from pain in his neck, spine, shoulder, and throat, and from numbness on his left side. On June 25, 2009, an OSU pain specialist ordered Ultram to help control Plaintiff's chronic pain. However, on June 28, 2009, defendant Doctor Escobar saw Plaintiff and refused to prescribe the recommended Ultram. On July 10, 2009, the same specialist ordered for Plaintiff either Tylenol 3 or Ultram, but on July 13, 2009, Dr. Escobar again refused to prescribe medication. On September 18, 2009, Dr. Escobar discontinued the Neurontin which Plaintiff was taking. Dr. Escobar also failed to follow up on a September 16 EMG test and to follow the orders of a

1

neurologist who requested MRIs and x-rays of Plaintiff's spine.  Plaintiff claims that these allegations constitute deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.  He has brought suit pursuant to 28 U.S.C §1983 against Dr. Escobar, and also against Terry Collins, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Dr. Esmarais, the chief medical officer of ODRC, Warden David Bobby, Deputy Warden of Special Services ("DWSS") McDonough, and Health Care Administrator Thorton ("HCA").

On initial screening, the Magistrate Judge found that Plaintiff had stated a claim for violation of civil rights against Dr. Escobar, but that he had failed to do so with respect to Esmarais, Bobby, McDonough, or Thorton.  He stated:

> There is no allegation that they were involved in any way with Doctor Escobar's alleged intentional infliction of pain on Freeman. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). There are no allegations in the complaint that state an actionable claim against defendants Director Terry Collins, Dr. Desmarais, Warden Bobby, [DWCC] McDonough and HCA Thorton.

(Doc. 5 at 4.)  Upon objections, Plaintiff states that these five defendants "were involved with Def. Escobar's deliberate indifference to Plaintiff's serious medical needs, intentional infliction of pain on Plaintiff, refusal to seek outside care, the taking of Plaintiff's pain medical Neurontins, etc." (Doc. 8 at 2.)  He reiterates that

2

these plaintiffs were involved in the "same claims Plaintiff brought against Def. Escobar".

Plaintiff has presented no real rebuttal to the Magistrate Judge's findings that his complaint presents no claim against Defendants Collins, Desmarais, Bobby, McDonough, and Thorton. No allegations against them appear except conclusory recitals that they knew of what was going on and "conspired to cover up" Dr. Escobar's deliberate indifference. As the Magistrate Judge noted, mere failure to act does not establish liability under 28 U.S.C. §1983, and Plaintiff does not allege any affirmative acts that these persons took to assist Escobar beyond a vague claim of a cover-up. A simple litany of other persons who were somehow involved in the alleged wrong inflicted upon Plaintiff does not state a claim for unconstitutional deliberate indifference to serious medical needs.

Consequently, for the above reasons, I **ADOPT** the initial screening Report and Recommendation of the Magistrate Judge (Doc. 5). This action is **DISMISSED** with respect to Defendants Collins, Desmarais, Bobby, McDonough, and Thorton.

Date: April 12, 2010    **/s/ John D. Holschuh**
United States District Judge