IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWIGHT FREEMAN,                    :

       Plaintiff                  :        Civil Action 2:09-cv-990

  v.                                 :        Judge Holschuh

TERRY COLLINS, *et al.*,           :        Magistrate Judge Abel

       Defendants.                :

**ORDER**

This matter is before the Court on Plaintiff Dwight Freeman's motions to compel (Docs. 12, 17). Plaintiff, a prisoner proceeding *pro se*, states that on December 7 and 20, 2009, he served requests for production of documents, requests for admissions, and interrogatories upon Defendant's counsel. (Doc. 12 at 2.) He states that, despite subsequent correspondence to Defendant's counsel asking them to comply with his discovery requests, he has received no response. Plaintiff requests that the Court order Defendants to comply with his discovery requests and sanction them for their noncompliance.

Defendant Escobar, the only remaining defendant in this action, argues that Plaintiff sent his discovery requests to the office of the Ohio Attorney General prior to the issuance of summons upon him, and that Plaintiff's discovery requests were therefore premature. He states in addition that "Freeman has never actually

1

served Defendant Escobar with the discovery requests". (Doc. 20 at 3.)

Defendant is not correct that Plaintiff's discovery requests predate the issuance of summons upon him; according to the docket in this case, the Clerk issued that summons on December 2, 2009, and he was served on December 16, 2009. *See* Docs. 6, 9. As Defendant observes, *pro se* prisoner plaintiffs are exempt from the requirement under Fed. R. Civ. Pro. 26(d)(1) that discovery cannot proceed until the parties have held a conference to develop a discovery plan. However, discovery requests made by *pro se* prisoner plaintiffs made after a complaint is filed but before it is served are not enforceable, because prior to service of the summons and complaint the court has no jurisdiction over a defendant. *Howard v. Heffron*, 118 F.R.D. 590, 590 (W.D. Mich. 1988).[1]

Plaintiff's December 7, 2009 discovery request was therefore premature, because no defendant had yet been served and brought under the Court's jurisdiction. However, Plaintiff's December 20, 2009 discovery requests, propounded upon a served defendant, were timely, and Defendant Escobar was obligated to respond to them.

Although Defendant Escobar has therefore failed to timely respond to

---

[1] *Howard* applied versions of Fed. Rs. Civ. Pro. 33 and 34 which predated the 1993 Rules Amendments establishing the Rule 26(d)(1) requirement for commencement of discovery. The Federal Rules in their present form do not set a discovery commencement date for proceedings, such as this one, exempt under Rule 26(a)(1)(B). The Court will apply to these proceedings the former rule that discovery requests may be submitted contemporaneously with, or following, service of the summons and complaint.

2

Plaintiff's discovery requests, the Court does not find under the circumstances that such failure was wilful or that Plaintiff has been unduly prejudiced. Plaintiff's motions to compel (Docs. 12, 17) are accordingly **DENIED WITHOUT PREJUDICE**. However, the Court recently established a discovery deadline in this case of August 31, 2010. (Doc. 25.) One of Plaintiff's motions to compel was accompanied by the discovery requests at issue. *See* Docs. 13, 14. The Court deems these **SERVED** upon Defendants as of the date of entry of this Order, and anticipates that Defendants will timely serve answers and objections to them within thirty (30) days of the date of entry of this Order in compliance with their obligations under the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge