IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT FREEMAN, | : | |
| Plaintiff | : | Civil Action 2:09-cv-990 |
| v. | : | Judge Holschuh |
| TERRY COLLINS, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court pursuant to Plaintiff's Motion for a TRO and Preliminary Injunction (Doc. 10). The Magistrate Judge, in his initial screening report and recommendation, summarized Plaintiff's allegations in this case:

> The complaint contains the following allegations. Plaintiff Dwight Freeman suffers pain in his neck, C-8 spine, shoulder and throat with numbness running down his left side. On June 25, 2009, an OSU pain specialist ordered Ultram to help Freeman deal with his chronic pain. On June 28, 2009, defendant Doctor Escobar saw Freeman and, ignoring the recommendations of the specialist, refused to prescribe the pain medication. On July 10, 2009, the pain specialist wrote another order for Tylenol No. 3 or Ultram. On July 13, Doctor Escobar saw Freeman and again refused to prescribe the medication recommended by the pain specialist. On September 18, 2009, Doctor Escobar discontinued Freeman's Neurontin, wantonly inflicting needless pain and suffering. He also failed to follow up a September 16 EMG with further evaluation of Freeman at the pain clinic. On September 30, 2009, Freeman did see a neurologist, who ordered MRIs and x-rays of his spine. Doctor Escobar refused to follow the neurologist's orders.

(Doc. 5 at 2-3.) The Magistrate Judge found that Plaintiff's complaint failed to state

a claim with respect to any named defendant except Dr. Escobar. His report and recommendation was adopted as the opinion of the Court. (Doc. 24.)

Subsequent to this report and recommendation, Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction. His motion, and its accompanying declaration, set forth allegations substantially similar to those in his complaint. The relief he requests is that he be provided with a "medically appropriate course of treatment for his neck spine, shoulder, leftside pain numbness and physical theraphy [sic]". (Doc. 10-1 at 1.) Moreover, he asks that the Court compel the defendants to arrange for him to be seen by a neurologist, an orthopedic specialist, and a pain clinic specialist, for consultation, surgery, and physical therapy. (*Id.* at 2.)

When deciding whether to grant preliminary injunctive relief, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). A district court must make specific findings concerning each of these factors, unless analysis of fewer factors is dispositive of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). While none of the factors are given controlling weight, a preliminary injunction should not be issued where there is no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller*,

103 F.3d 1240, 1249 (6th Cir. 1997), citing *Sandison v. Michigan High School Athletic Association*, 64 F.3d 1026, 1037 (6th Cir. 1995).

The Court finds, in the first place, that Plaintiff does not have a strong likelihood of success on the merits. The allegations in his complaint are a lengthy recitation of grievances which, as the Magistrate Judge identified, amount to claims that Dr. Escobar wrongly discontinued prescriptions of Neurontin which had been recommended by a pain specialist, and that he failed to follow up on orders from a neurological specialist for an MRI and x-rays of Plaintiff's spine to aid in diagnosis of his condition. However, neither his complaint nor his motion present anything other than conclusory allegations that Dr. Escobar has "refused to order" the relevant examinations (Doc. 4 at 6), "failed to seek the outside care and treatment needed" (*Id.* at 7), or "cut off Plaintiff appointments to outside specialist and notifying specialist of fabrication about Plt. medical issues" (Doc. 10 at 3). Even taking into account the fact that Plaintiff is a layman and that he may not have access to his own medical records, his description of what exactly Dr. Escobar has done to thwart his course of treatment is sparse aside from repeated assertions that he has acted with deliberate indifference to Plaintiff's serious medical needs.[1] Plaintiff may or may not be able to prove that Dr. Escobar violated his constitutional rights by discontinuing Neurontin, or that he deliberately interfered

---

[1] Plaintiff is more specific as to where and when Dr. Escobar denied him access to the Neurontin which he alleges was ordered for him. However, Plaintiff has not requested any preliminary relief concerning medications.

3

with Plaintiff's course of treatment for pain and spine problems. However, his allegations as to how – or why – Dr. Escobar interfered with a proposed course of treatment lack sufficient specificity or plausibility to permit the Court to draw a conclusion that Plaintiff has a *strong* likelihood of success on the merits.

Similarly, there is little evidence that Plaintiff would suffer irreparable injury in the absence of an injunction. Plaintiff attached to his complaint several decisions of the Chief Inspector on appeal of various grievances. One, dated October 7, 2009, states:

> You state the medical staff at your facility is delaying your treatment, which you feel is deliberate indifference to your medical needs. […] It appears that since the appeal you had the testing ordered by the physician and schedule for chronic care clinic appointments. It appears that since the appeal you had the EMG test on 9-16-09 and saw the Neurosurgery Clinic on 9-30-09.

(Doc. 4 at 14.) Plaintiff's repetitive claims that Dr. Escobar maliciously denied him access to treatment do not set forth, for instance, what Dr. Escobar might have done to prevent this course of treatment from going forward, or what he did to "cut off" such appointments. The Court notes, moreover, that Plaintiff's complaint was filed less than a month after this grievance response stating that Plaintiff had received all the outside medical consultations which he claimed had been blocked.

A motion for preliminary injunctive relief is not a vehicle for obtaining priority medical treatment. Plaintiff has insisted that he should have examinations, surgery, and physical therapy. He has not, however, established a strong likelihood that he will be able to prove that he is entitled to these things and

that Dr. Escobar has been deliberately interfering with his attempts to get them. The record he has provided the Court, moreover, is ambiguous as to what injury he could or has suffered in the absence of the extensive course of treatment he wishes the Court to order performed.[2]  Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 10) is **DENIED**.

Date: August 17, 2010                         /s/ John D. Holschuh
                                              United States District Judge

---

[2]  It is unnecessary for the Court to address the two remaining factors in determining the appropriateness of a preliminary injunction (whether granting the injunction would cause substantial harm to others and whether it would be in the public interest).  Whether or not Ohio's prison system would be burdened by granting the injunction Plaintiff requests, it is properly denied for other reasons.  Furthermore, while, as Plaintiff states, the public interest is generally served in prisoners receiving medical care to which they are constitutionally entitled, Plaintiff's claims here as to what he requires and what he demands are too vague and expansive to provide significant guidance to the Court's analysis of this factor.